*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* L. L. GENTRY, Minor.

FOR PUBLICATION
March 18, 2026
1:42 PM

No. 376583
Macomb Circuit Court
Family Division
LC No. 2025-000042-NA

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

MALDONADO, P.J. (*dissenting*).

I would vacate the trial court's finding that it was in LG's best interests to terminate respondent's parental rights and remand this case for the trial court to consider LG's relative placement on the record and weigh that placement against termination. Therefore, I respectfully dissent.

At this point, it is well settled that the fact that a child is in the care of a relative at the time of the termination hearing "is an explicit factor to consider in determining whether termination was in the [child's] best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012), (quotation marks and citation omitted). Moreover, placement with a relative weighs against termination. *In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022). A relative caretaker may allow the parent to maintain a relationship with the child, which may be in the child's best interests. See *In re Mason*, 486 Mich 142, 168-169; 782 NW2d 747 (2010). However, despite that relative placement weighs against termination, a trial court may nevertheless terminate parental rights if the court finds that termination is in the child's best interests. *In re Atchley*, 341 Mich App at 346-347. When a trial court fails to "explicitly address" whether termination is appropriate in light of the children's placement with relatives, the record is inadequate to make a best-interest determination, and the matter requires reversal. *In re Olive/Metts*, 297 Mich App at 43.

Unfortunately, there is not yet consensus regarding what it means to consider relative placement and weigh it against termination. Some panels have determined that it is sufficient that the record supports the trial court was aware of the relative placement and nevertheless determined

-1-

that termination was in the child's best interests. See, e.g., *In re Robinson, Minor*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2025 (Docket No. 374303), p 2 (where the trial court's best-interests determination was affirmed when the trial court made references to relative placement, such that "the record reflects that the trial court clearly recognized that [the child] was placed with his mother but that termination was nonetheless in [his] best interests."). Other panels have concluded that it is not enough for a trial court to be aware of relative placement; the court must expressly consider that factor and weigh it against termination on the record. See, e.g., *In re L-S Morehead, Minor*, unpublished opinion of the Court of Appeals, issued February 18, 2026 (Docket No. 375278), p 6 (where the trial court's best-interest determination was vacated when the trial court was aware of the child's placement with his aunt, but "did not acknowledge this placement when making its best-interest findings, much less acknowledge that this placement weighed against termination.").

The Supreme Court recently signaled that the latter approach is preferred in its order in *In re JMG/JGG/JMG, Minors*, ____ Mich ____, ____; 16 NW3d 82, 83 (2025). In that case, the respondent-mother challenged the trial court's finding that the termination of her parental rights was in the best interests of her minor children, in part, on the basis that the court failed to consider that the children were currently in a relative placement with their father. *In re JMG/JGG/JMG, Minors*, unpublished per curiam opinion of the Court of Appeals, issued July 25, 2024 (Docket No. 368147), p 8. In her brief on appeal, the respondent-mother argued that the trial court was aware of the children's placement with their father and acknowledged the placement on the record, but the trial court failed to weigh that factor against termination.

A panel of this Court examined the record and noted the trial court's many references to the children's placement with their father, including the trial court's findings that the father "had a steady job and a strong support system from his family," and that "[h]e made sure that the children received appropriate medical care" and therapy. *Id*. at 9. Additionally, "in contrast to their time in their mother's custody, [the children] were excelling in school while under their father's care." *Id*. In light of those record findings, the panel concluded that "[t]he trial court did review whether termination was suitable given the minor children's placement with their father," and "[a]fter its review, the trial court found termination to be appropriate." *Id*. Accordingly, the panel concluded that the trial court made no discernible errors in its best-interests analysis. *Id*.

The Supreme Court vacated the portion of the judgment of the Court of Appeals addressing the best-interests determinations for all three children[1] and remanded the matter to the trial court with instructions that "the trial court shall make an individualized best-interests determination as to each child, while recognizing that relative placement weighs in the respondent-mother's favor."[2] *In re JMG/JGG/JMG*, 16 NW3d at 83 (citations omitted). I interpret this order as an indication from the Supreme Court that acknowledging that a child is living with a relative is not equivalent

_____

[1] The Supreme Court also vacated the portion of the judgment addressing statutory grounds for two of the children. *In re JMG/JGG/JMG*, 16 NW3d at 83.

[2] This mandate applies to the one child for whom the statutory grounds for termination existed, and the other two children only if the trial court concludes that statutory grounds exist. *In re JMG/JGG/JMG*, 16 NW3d at 83.

to *expressly* considering relative placement and, perhaps more importantly, *expressly* weighing that placement against termination clearly and on the record.

On this point, *In re JMG/JGG/JMG* is similar to the instant case. Here, when assessing whether termination was in LG's best interests, the trial court repeatedly acknowledged that LG was living with his mother. In the context of discussing respondent's capacity to provide medical care and other material needs, MCL 722.23(c), the trial court found that LG had always "remained in the same home," which the trial court knew was LG's mother's house. And with regard to the stability of LG's environment, MCL 722.23(d), the trial court found that LG "ha[d] lived continuously with his mother and siblings since birth." Likewise, when assessing the parents' moral fitness, MCL 722.23(f), the trial court found that the mother's "household" was an "environment free from exploitation."

However, relative placement is its own discrete factor in a best-interest determination. *In re Olive/Metts*, 297 Mich App at 43. And unlike other best-interest factors, which the trial court has the discretion whether to consider, *In re Medina*, 317 Mich App 219, 238; 894 NW2d 653 (2016), this particular factor is mandatory, *In re Atchley*, 341 Mich App at 347. Like the trial court in *In re JMG/JGG/JMG*, the trial court in this case referenced that LG lived with his mother, but did *not* expressly consider relative placement or expressly recognize that such placement weighed against termination of respondent's parental rights. See *id.* at 346.

I agree with my colleagues in the majority that the trial court's findings need not be extensive, and that "[b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). However, I disagree that discussing that a child is living with a relative—in the context of discussing other best-interest factors—constitutes "explicit" consideration of relative placement and its weight against termination, *In re Olive/Metts*, 297 Mich App at 43, or a "definite" finding regarding the child's best interest in light of relative placement, MCR 3.977(I)(1). As a result, in this case, despite the trial court's general acknowledgement that LG was living with his mother, the factual record is "inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43.

Consequently, I would vacate the trial court's best-interest determination and remand for further consideration of LG's best interests in light of his relative placement.


/s/ Allie Greenleaf Maldonado